UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 13 CR 00863 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| JOHN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In July 2014, the jury found Defendant John Smith guilty of all counts in the indictment, comprised of four counts of distributing heroin. 21 U.S.C. § 841(a)(1). R. 70. Smith received a 216-month sentence on each count, to run concurrently. Smith appealed, making an argument as to the conviction, but the Seventh Circuit affirmed the judgment. Pending are two motions that had been held in abeyance during the appeal.

*Section 3582(c).* First, Smith moves to reduce his sentence under what he says is an applicable, retroactive reduction to the drug-quantity Sentencing Guidelines. The statutory vehicle for that sort of motion is 18 U.S.C. § 3582(c), which authorizes the Sentencing Commission to give retroactive effect to Guidelines amendments; in turn, the Commission uses Guideline § 1B1.10 to list the retroactive amendments.

Here, the problem with Smith's request is that the amendment on which he relies—Amendment 782—only lowered the drug-quantity offense level, but Smith's Guidelines range was set by the *career-offender* Guideline, § 4B1.1. R. 136, Sentencing Tr. at 11. Indeed, Smith's counsel agreed that the career-offender Guideline did apply, *id.* at 10-11, although naturally Smith argued for a below-range sentence. Thus, the Guidelines range was the product of an offense level 37, criminal history category VI, yielding 360 months to life imprisonment. Amendment 782 does not affect that calculation. The § 3582(c) motion must be denied.

*Motion to Clarify*. Smith's second motion asks that this Court to "clarify" the 216-month imprisonment sentence so that it runs concurrently with an Indiana drug-trafficking sentence that Smith received after the federal sentencing. R. 147 at 1. Specifically, at the sentencing in this case, it was known to the parties and the Court that Smith faced a pending Indiana state-court prosecution (Smith had not yet been found guilty) for possessing with intent to distribute 3 kilograms of heroin. At the federal sentencing, the government sought to use the Indiana drug trafficking as a fact in aggravation, 18 U.S.C. § 3553(a). R. 136, Sentencing Tr. at 14. On review of the evidence, the Court found that Smith did arrange for a courier to deliver 3 kilos of heroin from Smith to others in Cincinnati. *Id*. The evidence included car-rental records in Smith's name (the heroin was found in the car), Smith's fingerprint on one of the heroin-package wrappings, the interview reports of two cooperating defendants, and $450,000 in cash deposits into Smith's business bank account (without corresponding business expenses) over an approximately two-year period. Sentencing Tr. at 16-18.

In light of all that evidence, the Court took into account the Indiana heroin seizure when fashioning the federal sentence. The Court commented that the defense counsel in the Indiana case could, if Smith were even to be convicted there, try persuading the state judge to give concurrent time. Sentencing Tr. at 19. But during the federal sentencing, Smith did *not* ask the Court to run the federal sentence concurrent with whatever sentence might be imposed in the Indiana state-court case. Smith makes that request now, in his motion to "clarify" the sentence. R. 147 at 1.

There are a couple of problems with Smith's request that the federal sentence be deemed concurrent with the Indiana sentence. At the threshold is that Section 3582(c) severely limits a court's authority to modify an otherwise final sentence. That section starts with a general ban: "The court may not modify a term of imprisonment once it has been imposed …." § 3582(c). It then lists only four exceptions. The first two require a motion by the Bureau of Prisons: if "extraordinary and compelling reasons warrant" a reduction, § 3582(c)(1)(A)(i), or if an elderly (at least 70 years of age) and long-serving defendant (at least 30 years) ought to be released, § 3582(c)(1)(A)(ii). The BOP has made no motion here.

The third exception allows reduction pursuant to another statutory provision (28 U.S.C. § 2255 comes to mind) or pursuant to Federal Rule of Criminal Procedure 35. But Smith has not invoked either a statute or Rule 35, not does there appear to be a basis to do so.

2

The fourth and final exception is a retroactively applicable amendment to the Guidelines range, § 3582(c)(2), such as Amendment 782, the drug-quantity amendment discussed earlier in this Order. Smith argues that the Sentencing Commission did issue Amendment 787, which did amend Guideline § 5G1.3 (in various spots) to make clear that federal courts could consider running a federal sentence concurrently to an *anticipated* states sentence, not just to an already-existing, undischarged state sentence. *See* Supp. to Appx. C, Amendment 787. When the state sentence is premised, or will be premised, on § 1B1.3 relevant conduct, then the Guidelines actually require (though overall the Guidelines are advisory), in some instances, a concurrent sentence. But Smith cannot rely on Amendment 787 to navigate around the finality of § 3582(c) because that amendment was not deemed retroactively applicable by the Commission—the amendment is not listed in § 1B1.10. So § 3582(c) bars the modification that Smith requests.

Even if Amendment 787 could apply, still it would not help Smith. First, the Court would not have been required (insofar as the advisory Guidelines could "require" something) to run Smith's federal sentence concurrently with the state sentence. The Indiana heroin seizure actually was *not* relevant conduct under § 1B1.3, and no one argued that it was. Instead, it was offered as (and really is) aggravation under § 3553(a). Second, the Court would not have exercised its discretion, whether under the Guidelines or under 18 U.S.C. § 3584(a), to run the federal sentence concurrently with Indiana sentence. As an initial matter, Smith had not even been *convicted* in the Indiana case, so this Court would not have had a firm idea of what the Indiana sentence would be premised on. It is one thing to take into account what an anticipated sentence when there is a conviction with a relatively stable set of facts on which the sentence will be premised; it is quite another to try predicting what set of facts a future sentence is based on when there is not even a *conviction* yet.

What's more, it is not likely that this Court would have tried to tie the hands of the Indiana judge—who might have wanted (and indeed, did want)—to impose a consecutive sentence. A federal court in one state is not likely to know well enough the local conditions in another state (including a crime's impact on that community). And the later-sentencing state court will be in a better position to make the consecutive-or-not decision simply because the state court will have more information at that future date. Indeed, that is the ultimate point: this Court could not bind the later-sentencing Indiana judge anyway. If a defendant, like Smith, "serves his federal sentence first, the State will decide whether to give him credit against his state sentences *without being bound* by what the district court or the

3

Bureau said on the matter." *Setser v. United States*, 132 S. Ct. 1463, 1471 (2012) (emphasis added).

Both of the pending motions, R. 146, R. 147, are denied. The status hearing of January 13, 2017 is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 12, 2017